THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-00461-FL

| | |
|---|---|
| KELLY K. SUTTON, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER AND MEMORANDUM** |
| | ) **AND RECOMMENDATION** |
| CAPSTONE BANK and SHIRLEY & ADAMS, | ) |
| Defendants. | ) |

This matter is before this court for review of the application to proceed *in forma pauperis* and complaint of Plaintiff Kelly K. Sutton ("Plaintiff") pursuant to 28 U.S.C. § 1915(a)(1), (e)(2)(B). [DE-1]. Plaintiff asserts that she is insolvent and was unemployed from September 1, 2011 to June 30, 2012. [DE-1] ¶ 12. However, she has had $2,000 in monthly income from new employment since July 2012, $1,290 in monthly income from real property, and it is questionable whether Plaintiff continues to incur the $1,950 in monthly mortgage expense, where it appears from the complaint and supporting documentation that Plaintiff's home has been sold in foreclosure and eviction proceedings are pending. *Id.* ¶¶ 1-2, 8; [DE-4-1]. Notwithstanding, Plaintiff's motion to proceed *in forma pauperis* will be allowed for the sole purpose of conducting frivolity review, upon which it is recommended that the complaint be dismissed for failure to state a claim.

## I. PLAINTIFF'S COMPLAINT

Plaintiff, a resident of North Carolina, has filed suit against the law firm of Shirley & Adams and Capstone Bank, North Carolina entities ("Defendants"). Compl. [DE-1-1] at 1, 2.

Plaintiff provides no jurisdictional allegation, but it is assumed that Plaintiff attempts to proceed under federal question jurisdiction, pursuant to 28 U.S.C. § 1331, as there is no diversity of citizenship between the parties. Compl. at 2. Plaintiff provides little or no factual basis for her claims in the complaint. However, based on a review of the documents filed in support of Plaintiff's complaint, it appears that Plaintiff contends the deed of trust for the real property located at 1900 Green Oaks Parkway in Holly Springs, North Carolina (the "Property"), Plaintiff's residence, was wrongfully foreclosed upon, specifically: (1) Capstone Bank loaned credit as opposed to money in exchange for the promissory note related to the purchase of the Property, [DE-1-2]; (2) Capstone Bank committed fraud by using the mail to collect an unlawful debt; and (3) Shirley & Adams had a conflict of interest in the foreclosure proceeding by representing both the Substitute Trustee and Capstone Bank in the foreclosure action on the deed of trust for the Property, Compl. at 3. Plaintiff alleges these acts violate her state and federal Constitutional due process rights, as well as 12 U.S.C. § 24 ¶ 7, and 18 U.S.C. §§ 1341, 1343, 1961, 1962, 1964. Compl. at 4, 5. Plaintiff seeks an injunction preventing any activity against her, including eviction, a transfer of the deed of trust for the Property back to her, removal of the status of the property from foreclosure, removal of the debt associated with the Property from the bank and her credit report, and repayment for money spent in "care taking" of the Property. Compl. at 4.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the court reviews the allegations in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from

2

a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B); *see Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)); *see also Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although a complaint of a *pro se* plaintiff is entitled to more liberal treatment than those drafted by attorneys, *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining under predecessor statute 28 U.S.C. § 1915(d) that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," *Neitzke*, 490 U.S. at 327, which include those with factual allegations that are "fanciful," "fantastic" or "delusional." *Id.* at 325, 328. Absent such allegations, "the initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff." *Denton*, 504 U.S. at 32.

In evaluating a case under § 1915, a court may appropriately look to cases decided under Rule 12(b)(6) of the Federal Rules of Civil Procedure for guidance. *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (relying on standards set out in Rule 12(b)(6) cases in applying failure to state claim provision in 28 U.S.C. § 1915(e)(2)(B)(ii)); *Lugo v. INS*, 950 F. Supp. 743, 745 (E.D. Va. 1997) (noting failure to state a claim provision in 28 U.S.C. § 1915A(b)(1) was

3

"appropriated" by Congress from the Rule 12(b)(6) standard). A complaint should be dismissed for failure to state a claim if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (applying Rule 12(b)(6)). A court must accept as true all well-pleaded allegations and view those allegations in the light most favorable to the plaintiff, construing all reasonable factual inferences in the plaintiff's favor. *Id.*

### III. ANALYSIS

Adhering to the principle that *pro se* pleadings should not be held to the same stringent standards as those of attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the allegations contained in Plaintiff's complaint have been construed liberally. However, even affording Plaintiff a deferential examination of the allegations, it is recommended that the complaint be dismissed for failure to state a claim.

First, Plaintiff's claim that Defendant Capstone Bank violated 12 U.S.C. § 24, paragraph 7,[1] by loaning credit as opposed to money is patently frivolous and has been so recognized by other federal courts. *See, e.g., Singleton v. Wells Fargo Home Mortg.*, No. 12-0230-CV-W-ODS, 2012 WL 1657345, at *4 (W.D. Mo. May 9, 2012) ("[Plainitff's] theory—that banks lend credit and not legal tender—has been repeatedly rejected as frivolous by courts across the country.") (citing *Sneed v. Chase Home Fin. LLC*, No. 07CV0729–LAB (AJB), 2007 WL 1851674, at *3-4 (S.D. Cal. June 27, 2007); *Buczek v. Trans Union LLC*, No. 05–80834–CIV–HURLEY/HOPKINS, 2006 WL 3666635, at *3-4 (S.D. Fla. Nov. 9, 2006)).

---

[1] The statute upon which Plaintiff relies is rather lengthy, but generally sets forth certain powers of national banks, including "all such incidental powers as shall be necessary to carry on the business of banking . . . ." 12 U.S.C. § 24 ¶ 7.

Likewise, Plaintiff's claim that Capstone Bank committed fraud by attempting to collect an unlawful debt must fail, where the alleged unlawfulness of the debt appears to be based on Plaintiff's flawed theory that a bank may not loan credit and, furthermore, there is no private right of action for violation of 18 U.S.C. §§ 1341 and 1343, criminal mail fraud statutes. *See Vaughn v. United States*, No. 5:10-CV-55-H, 2011 WL 102722, at *2 (E.D.N.C. Jan. 11, 2011). To the extent Plaintiff attempts to assert a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, she has failed to sufficiently allege facts that would support the requisite elements for this "extraordinary remedy."[2] *See US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) ("RICO . . . 'does not cover all instances of wrongdoing. Rather, it is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity.'") (quoting *Gamboa v. Velez*, 457 F.3d 703, 705 (7th Cir. 2006)).

Next, Plaintiff's claim that Defendants violated her state and federal Constitutional due process rights must fail where Plaintiff has not alleged any governmental action. "As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments[.]'" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982) (citation omitted).

> The Bill of Rights is a negative proscription on *public* action-to simply apply it to *private* action is to obliterate "a fundamental fact of our political order." *Lugar*, 457 U.S. at 937, 102 S. Ct. 2744. Statutory and common law, rather than the Constitution, traditionally govern relationships between private parties. *See*

---

[2] "To establish a civil RICO case, a plaintiff must prove: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Clayton v. Stephens*, 6 F. Supp. 2d 480, 485 (E.D.N.C. 1996) (internal quotation marks omitted) (quoting *Morley v. Cohen*, 888 F.2d 1006, 1009 (4th Cir. 1989)).

> *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619, 111 S. Ct. 2077, 114 L. Ed. 2d 660 (1991). By placing limits upon the Constitution's application, we "preserve[ ] an area of individual freedom by limiting the reach of federal law and federal judicial power." *Lugar*, 457 U.S. at 936, 102 S. Ct. 2744. This area of personal freedom is one of the important structural features of our founding document. *See Edmonson*, 500 U.S. at 619, 111 S. Ct. 2077.

*Holly v. Scott*, 434 F.3d 287, 291 (4th Cir. 2006); *see also Freeman v. Duke Power Co.*, 114 F. App'x 526, 534 (4th Cir. 2004) (concluding due process provisions of the North Carolina Constitution "protect individuals only against governmental action"). Here, there are no facts alleged from which it could be construed that Defendants Capstone Bank and Shirley & Adams are government actors. Accordingly, Plaintiff has failed to state a Constitutional due process claim against these Defendants.

Finally, Plaintiff alleged a "conflict of interest" arising from Shirley & Adams representing both the Substitute Trustee and Capstone Bank in the foreclosure action on the deed of trust for the Property, but failed to articulate a claim based on the alleged conduct. However, the Fourth Circuit has considered such a "conflict of interest" allegation in similar circumstances and concluded, under North Carolina law, that it was "insufficient to state a claim for breach of fiduciary duty" and that "a violation of the Rules of Professional Conduct for attorneys cannot serve as a basis for civil liability." *See Laws v. Priority Tr. Servs. of N. Carolina, LLC*, 375 F. App'x 345, 348 (4th Cir. 2010) (citing *Denson v. Davis*, 256 N.C. 658, 661-62, 124 S.E.2d 827, 830-31 (1962); *McGee v. Eubanks*, 77 N.C. App. 369, 374, 335 S.E.2d 178, 181-82 (1985)). Accordingly, it appears such allegation is insufficient to state a claim under North Carolina law.

6

## IV. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is ALLOWED, and it is RECOMMENDED that the underlying complaint be DISMISSED for failure to state a claim.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 12th day of September 2013.

Robert B. Jones, Jr.
United States Magistrate Judge