IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-00461-FL

| | |
|---|---|
| KELLY K. SUTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAPSTONE BANK and SHIRLEY & ) | |
| ADAMS, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of Magistrate Judge Robert B. Jones, Jr., pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint as frivolous. (DE 5). Plaintiff filed an objection to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the M&R and dismisses plaintiff's complaint as frivolous.

**DISCUSSION**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Upon careful review of the record, "the court

may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a case brought *in forma pauperis* if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from a defendant that is immune from such recovery. A complaint is "frivolous" if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Upon *de novo* review, the court finds that plaintiff's objections provide no reason to disturb the analysis contained in the M&R. Plaintiff's objections to the M&R merely re-allege the same facts in the complaint, in which she only provides a conclusory statement about the fraudulent nature of the loan from defendant Capstone Bank. First, plaintiff suggests that defendant Capstone Bank only loaned credit, as opposed to money, on the basis of a belief that only gold or silver coin constitutes legal tender. However, this argument previously has been rejected as erroneous and frivolous. See Norman v. Baltimore & O.R. Co., 294 U.S. 240, 302 (1935) ("Congress may make Treasury notes legal tender in payment of debts previously contracted, as well as those subsequently contracted . . . ."). Second, there is no private cause of action for violation of 18 U.S.C. §§ 1341 and 1343. The Fourth Circuit has held that no civil cause of action for alleged violation of a federal criminal statute exists where Congress did not intend to provide such a civil remedy. Federal Sav. and Loan Ins. Corp v. Reeves, 816 F.2d 130, 137-38 (4th Cir. 1987). Third, plaintiff alleges no facts of defendants' alleged racketeering activity where the statutory definition of "racketeering activity" does not include a bank's lawful extension of credit. See 18 U.S.C. § 1961. Fourth, plaintiff cannot allege a successful claim against defendants for violation of state and federal constitutional rights

2

where defendants are not governmental actors. See, e.g., Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936 (1982).

Finally, plaintiff fails to establish a claim based on the alleged "conflict of interest" created by defendant Shirley & Adams's representation of both the substitute trustee and defendant Capstone Bank in the foreclosure action on the deed of trust for her property. As set forth in the M&R, the Fourth Circuit considered such a "conflict of interest" allegation in similar circumstances and concluded, under North Carolina law, that it was "insufficient to state a claim for breach of fiduciary duty" and that "a violation of the Rules of Professional Conduct for attorneys cannot serve as a basis for civil liability." Laws v. Priority Tr. Servs. of N. Carolina, LLC, 375 F. App'x 345, 348 (4th Cir. 2010) (citations omitted).

Plaintiff filed a motion for preliminary injunction. (DE 3). To obtain a preliminary injunction, plaintiff must establish: (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Where plaintiff has not stated a claim upon which relief can be granted, plaintiff fails to establish the necessary likelihood of success on the merits for entitlement to a preliminary injunction. Therefore, plaintiff's motion for preliminary injunction is denied.

## CONCLUSION

Based upon the foregoing, the court GRANTS plaintiff's application to proceed *in forma pauperis*. (DE 1). The court ADOPTS the findings and recommendation of the M&R in full. (DE 5). The court DISMISSES plaintiff's complaint. (DE 6). The court DENIES plaintiff's motion for

3

preliminary injunction. (DE 3). The clerk is directed to CLOSE this case.

SO ORDERED, this the 4th day of November, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

4